EVANICH ET AL., APPELLEES, *v.* BRIDGE ET AL., APPELLANTS.

[Cite as *Evanich v. Bridge*, 119 Ohio St.3d 260, 2008-Ohio-3820.]

(No. 2007–0863—Submitted April 9, 2008—Decided August 5, 2008.)

LANZINGER, J.

{¶ 1} The parties to this appeal, appellants Steven and Margaret Bridge and appellees William and Roselyn Evanich, live in a residential subdivision and own adjacent lots. This case involves a dispute over ownership of a small strip of land between their properties of which both parties claim legal possession.

{¶ 2} William Evanich and his wife purchased their property as an unimproved sublot in 1965. A house was built on the property, and landscaping began in 1967. To confine the landscaping to his own property, Evanich self-surveyed the land by running a length of string from a steel survey pin at the rear of his lot to a wooden stake at the front. He assumed that these two markers denoted the boundary of his property and that the resulting line marked the edge of his lot. In fact, the self-survey included 97/10,000ths of an acre that belonged to the adjacent lot.

{¶ 3} Unaware of this encroachment, Evanich landscaped along what he assumed was his lot line, installing a split rail fence, decorative railroad ties, and a variety of plantings, among other items. Evanich testified that he intended to landscape his own property only and that he would not have planted where he did

had he known that the property belonged to his neighbors. When the Bridges purchased the adjacent lot in 1977, Evanich's landscaping was in place.

{¶ 4} When the Bridges surveyed their lot in 2002 and discovered the encroachment, they sent a letter to the Evaniches requesting removal of the landscaping. The Evaniches refused, and instead filed a complaint to obtain a declaration of their rights through adverse possession, seeking to quiet title against the Bridges and obtain free and clear title to the disputed land.

{¶ 5} The trial court found that the claim for adverse possession was proven by a preponderance of the evidence and entered judgment in favor of the Evaniches. The Bridges appealed, arguing that the trial court had applied the wrong standard of proof. After the case was remanded for the trial court to apply the evidentiary standard of clear and convincing evidence, judgment was again entered for the Evaniches. The Bridges appealed a second time, arguing that the Evaniches were required to show that they took possession of the land with the intent to claim title to it. A majority of the court of appeals affirmed the trial court's judgment once more. The dissenting judge was persuaded by the Bridges' assertion that the Evaniches' mistake was insufficient to satisfy the intent element of adverse possession.

{¶ 6} We accepted jurisdiction over the Bridges' discretionary appeal. *Evanich v. Bridge*, 114 Ohio St.3d 1507, 2007-Ohio-4285, 872 N.E.2d 950. We now determine whether adverse possession requires a showing of subjective intent, meaning that the party in possession intended to deprive the owner of the property in question. We hold that it does not.

## Analysis

{¶ 7} It is well established in Ohio that to succeed in acquiring title by adverse possession, the claimant must show exclusive possession that is open, notorious, continuous, and adverse for 21 years. *Grace v. Koch* (1998), 81 Ohio St.3d 577, 579, 692 N.E.2d 1009, citing *Pennsylvania RR. Co. v. Donovan* (1924), 111 Ohio St. 341, 349–350, 145 N.E. 479; *State ex rel. A.A.A. Invest. v. Columbus* (1985), 17 Ohio St.3d 151, 153, 17 OBR 353, 478 N.E.2d 773; *Gill v. Fletcher* (1906), 74 Ohio St. 295, 78 N.E. 433, paragraph three of the syllabus; *Dietrick v. Noel* (1884), 42 Ohio St. 18, 21. The issue is how the claimant's intent relates to the legal element of adversity.

{¶ 8} We have never held that a claimant must establish subjective intent to acquire title to real property of another to prevail on an adverse possession claim. The adversity element has been explained this way: "It is the visible and adverse possession with an intent to possess that constitutes [the occupancy's] adverse character, and not the remote motives or purposes of the occupant." *Humphries*

*v. Huffman* (1878), 33 Ohio St. 395, 402. This "occupancy must be such as to give notice to the real owner of the extent of the adverse claim." Id. at 404.

{¶ 9} In an early case, this court addressed the precise issue of whether the element of adversity requires that a person possess the subjective intent, meaning the actual motive, to claim the property of another. *Yetzer v. Thoman* (1866), 17 Ohio St. 130. There, the court considered a jury instruction on adverse possession that stated: " 'The plaintiff [seeking title through adverse possession] must have knowingly and designedly taken and held the land to enable him to claim the benefit of the statute. Occupancy by accident, or mistake, or ignorance of the dividing line, is not sufficient.' " That instruction was rejected as unprecedented, erroneous, and "mischievous in its operation." Id. at 133. Instead, the court reaffirmed what it considered the prevailing, objective intent view that " '[t]he possession alone, and the qualities immediately attached to it, are regarded. If [the adverse possessor] intends a wrongful disseizin, his actual possession for [the relevant time] gives him a title; or if [the adverse possessor] occupies what he believes to be his own, a similar possession gives him a title. Into the recesses of his mind, his motives or purposes, his guilt or innocence, no inquiry is made. It is for this obvious reason that it is the visible and adverse possession, with an intention to possess, that constitutes its adverse character, and not the remote views or belief of the possessor.' " Id., quoting *French v. Pearce* (1831), 8 Conn. 439, 443. In other words, title may be acquired "irrespective of any question of motive or of mistake." Id. at 132.

{¶ 10} *Yetzer* remains Ohio law, and we have no reason to revisit it. Although we recently denied the use of adverse possession against a park district, we recognized the continuing viability of the doctrine in *Houck v. Bd. of Park Commrs. of the Huron Cty. Park Dist.,* 116 Ohio St.3d 148, 2007-Ohio-5586, 876 N.E.2d 1210, ¶ 30.

{¶ 11} The Bridges argue that we departed from *Yetzer* in *Grace v. Koch* (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009. Admittedly, *Grace* is unclear in its discussion of the intent required to establish adverse possession, but the lack of clarity stems from the fact that in *Grace* the court was not asked to redefine intent. Instead, the purpose of *Grace* was to establish that claims of adverse possession must be proven by clear and convincing evidence. Id. at syllabus.

{¶ 12} Ultimately, the confusion created by *Grace* results from two potentially relevant types of intent: the intent to possess and the intent to take title from another. The Bridges seize on a partial quote from *Lane v. Kennedy* (1861), 13 Ohio St. 42, a case decided prior to *Yetzer,* to support their argument that *Grace* requires a bad faith intent to claim title. *Lane,* however, involved a public roadway and therefore more closely resembles *Houck.* When *Grace* refers to intent to claim title, the court simply means intent to possess and exercise control

over a piece of property without the true owner's permission, not, as the Bridges suggest, a bad faith intent to take that property from the true owner. Thus, even under *Grace*, the intent to take the property of another is not necessary; the intent to occupy and treat property as one's own is all that is required.

## Conclusion

{¶ 13} In a claim for adverse possession, intent is objective rather than subjective in determining whether the adversity element of adverse possession has been established, and the legal requirement that possession be adverse is satisfied by clear and convincing evidence that for 21 years the claimant possessed property and treated it as the claimant's own. *Yetzer,* 17 Ohio St. 130. This has been the law in Ohio for over 140 years, and we are unwilling to alter a rule that has successfully directed the application of the doctrine of adverse possession for so long.

{¶ 14} We are similarly unwilling to accept the Bridges' invitation to eliminate the doctrine of adverse possession entirely. To do so would drastically upset settled law, for the doctrine has its venerable place in the regulation of the use and ownership of real property in Ohio.

{¶ 15} The court of appeals concluded that the Evaniches acted in a way consistent with true ownership by installing landscaping that included railroad ties, stone blocks, fencing, bushes, flowers, and at least one tree. It held that the Evaniches possessed the necessary intent based on their exclusive control over the property for 35 years. Seeing no error in the court of appeals' conclusion that the Evaniches took possession of the disputed property via adverse possession, we therefore affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

---

Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman Co., L.P.A., and Frank S. Carlson, for appellees.

The Spike & Meckler Law Firm, L.L.P., and Stephen G. Meckler, for appellants.