[Cite as *Hardert v. Neumann*, 2014-Ohio-1770.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| SCOTT HARDERT, ET AL., | : | Case No. 13CA977 |
| | : | |
| Plaintiffs-Appellees, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JEAN A. NEUMANN, | : | |
| | : | **RELEASED: 04/23/14** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Harry J. Finke, IV, Graydon Head & Ritchey LLP, Cincinnati, Ohio, for appellant.

David E. Grimes, West Union, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Jean Neumann appeals the trial court's judgment in favor of Scott Hardert, Michael Hardert and Linda Hardert-Owens (the Harderts) on their claim of adverse possession. Neumann argues that the Harderts did not prove that their use of the disputed land was open and notorious for the requisite 21 years. Specifically, she contends that although the Harderts planted crops on the disputed land from 1982 until 1997, from 1998 until 2010 they merely maintained the property by mowing the grass and cutting weeds, which is legally insufficient to establish the open and notorious elements of the adverse possession.

{¶2}    However, there is no bright line rule that holds growing hay and/or mowing grass is insufficient, when taken in conjunction with the totality of the circumstances, to establish a party's use as open and notorious. The trial court did not err as a matter of law by considering all of the Harderts' activities on the disputed property. The

undisputed evidence showed that when the Harderts' father acquired the second tract of land he removed two parallel rows of trees and a fence that separated his property from Neumann's. He also added topsoil and began to farm his land and the disputed property as one continuous field. He also enrolled the land in a federal conservation program. Thus, there was some competent, credible evidence to support the trial court's judgment that the Harderts had established the elements of open and notorious use; its judgment was not against the manifest weight of the evidence.

## I. FACTS

{¶3} The parties are adjacent land owners in Adams County, Ohio. The Harderts own a farm with two distinct tracts. The first tract is 102.935 acres and lies west of Neumann's land. This tract of land has been in the Hardert family since 1954. The second tract of land is 19.036 acres and was acquired by the Harderts' father in 1982. This tract of land is north and east of Neumann's property. Neumann owns an adjacent farm, which she acquired in 1958. This tract includes a strip of land 16.5 feet wide and approximately 857.83 feet long (0.142 acres) that divides the Harderts' two parcels. This strip is directly connected to the rest of Neumann's land at south end and extends to the north to an oak tree. The oak tree however is approximately 100 feet from Grange Hall Road and thus Neumann's strip does not extend all the way to the roadway. Nevertheless, when the Harderts' father acquired his second tract of land, it was subject to an existing outlet or right of way from Neumann's strip of land to Grange Hall Road. This 0.142 acre strip of land and outlet or right of way is the disputed property.

{¶4}    When the Harderts acquired the second tract of land, there were two parallel rows of trees and a fence that were on or near Neumann's 0.142 acre strip and separated the two pieces of property.  The Harderts' father removed the trees and fence, added top soil, and began farming both tracts and the disputed property as one piece of land.  The Hardert family continued farming the land, including the disputed property, until 1998 when they put the land into the federal Conservation Reserve Program (CRP).  From 1998 through 2010, the land was taken out of production and converted into a "grass field."  The Harderts inherited the land from their father upon his death in 2006.

{¶5}    In 2010 after Neumann made plans to fence in the disputed property and build a road, the Harderts filed a complaint asserting claims of trespass and adverse possession of Neumann's 0.142 acre strip of land.  Neumann filed counterclaims of trespass, interference with an easement, a declaration that she was entitled to an easement by necessity and adverse possession, along with several affirmative defenses.  Specifically she alleged the Harderts had destroyed the roadbed, trees and fence on her property and planted crops, thereby denying her use of her property and the easement.

{¶6}    Following a bench trial, the trial court entered judgment: 1.) for the Harderts on Neumann's claim for adverse possession of the outlet or right way on their second plot from the oak tree to Grange Hill Road and permanently enjoined her from trespassing on this portion of the Harderts' property; 2.) for the Harderts on their claim of adverse possession of the strip of land from the oak tree to the tree line to the south; 3.) for the Harderts on Neumann's claim of easement by necessity; and 4.) denying both

parties' claims for adverse possession of the strip of land in the wooded area.  This

appeal followed.

## II. ASSIGNMENTS OF ERROR

**{¶7}**    Neumann raises two assignments of error for our review:

1.  THE TRIAL COURT ERRED IN ENTERING JUDGMENT IN FAVOR OF APPELLEES ON THEIR ADVERSE-POSSESSION CLAIM WHEN, AS A MATTER OF LAW, THE EVIDENCE BEFORE THE COURT FAILED TO SHOW THAT APPELLEES HAD OPEN, NOTORIOUS, CONTINUOUS, AND ADVERSE USE OF THE PROPERTY IN QUESTION FOR A PERIOD OF 21 YEARS.

2. THE TRIAL COURT ERRED IN ENTERING JUDGMENT IN FAVOR OF APPELLEES ON THEIR ADVERSE POSSESSION CLAIM WHEN THAT JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. LAW AND ANALYSIS

### A. Standard of Review

**{¶8}**    Our review of an adverse possession claim depends on whether a party is

challenging a trial court's evidentiary determination or legal conclusion.  *Dean v. Cox*,

4th Dist. Lawrence No. 11CA10, 2012-Ohio-782, ¶ 20.  Without deference to the court's

determination, we conduct a de novo review of a party's challenges to the trial court's

choice or application of law.  *Id.*  Conversely, we apply a deferential review to a party's

claims that the trial court's conclusions are against the manifest weight of the evidence.

*Id.*  Because we construe Neumann's first assignment of error as challenging the trial

court's application of law, we conduct a de novo review.

### B. Elements of Adverse Possession

**{¶9}**    Under the doctrine of adverse possession, a plaintiff can acquire legal title

to another's real property if the plaintiff proves exclusive possession that is open,

notorious, continuous, and adverse for 21 years. *Houck v. Bd. of Park Commrs. of the Huron Cty. Park Dist.*, 116 Ohio St.3d 148, 2007-Ohio-5586, 876 N.E.2d 1210, ¶ 10. The failure to prove any of these elements results in failure to acquire title by adverse possession. *Grace v. Koch*, 81 Ohio St.3d 577, 579, 692 N.E.2d 1009 (1998). Because a successful claim of adverse possession results in the legal titleholder forfeiting ownership without compensation, the doctrine is disfavored and the elements of adverse possession are stringent. *Id.* at 580.

### C. Open & Notorious Use

{¶10} Neumann argues that the Harderts did not prove that their use of the disputed land was open and notorious for the requisite 21 years. Specifically, she contends that although the Harderts planted crops on the disputed land from 1982 until 1997, from 1998 until 2010 they merely maintained the property by growing hay, mowing the grass and cutting weeds, which are legally insufficient to establish the open and notorious elements of adverse possession.

{¶11} The Harderts agree they stopped harvesting crops after 1997 because their father enrolled the land into the CRP, but counter that prior to that time they performed significant alterations to the disputed land that changed its character, including removing two parallel rows of trees and fence that bordered the disputed property, adding topsoil, removing the dirt road and making the land into one continuous field. Therefore, they argue that the trial court properly found that they proved exclusive possession that was open and notorious for 21 years.

{¶12} The trial court's entry shows that it considered whether the Harderts had proven each element of adverse possession, including open and notorious use. In its entry the court stated:

> The first element is open. Possession is open if the use is without concealment. Here the evidence is that Jack Hardert, within a year of buying [the second tract], removed both rows of trees, filled in the low spots with top soil, combined both fields and commenced farming the two fields as one. This occurred in an area that is close to and visible to traffic on Grange Hall Road. The Court finds that Plaintiffs have proven the first element of open regarding their adverse possession claim.
>
> The second element of an adverse possession claim is notorious. The use must be known to some who might reasonably be expected to communicate his knowledge to the owner or so patent that the true owner of the property could not be deceived as to the property's use. The removal of two tree lines, filling holes with top soil, removing a lane and combining two fields is not a small project that would go unnoticed by someone driving by on Grange Hall Road. Furthermore, the Harderts commenced farming the northern end of the [disputed property] belonging to the Neumanns for period exceeding twenty one years. This court finds that such events are so patent that the true owner (the Neumanns) could not be deceived as to the use of the property by someone other than the owner. The court finds that the Plaintiffs have proven, by clear and convincing evidence, that the possession was notorious.

{¶13} "'Open' and 'notorious' use requires that the actual use be of a character that is capable of giving the legal owner notice." *Dunn v. Ransom*, 4th Dist. Pike No.10CA806, 2011-Ohio-4253, ¶ 78. For possession to be considered open, the property must be used "'without attempted concealment.'" *Id.*, quoting *Hindall v. Martinez*, 69 Ohio App.3d 580, 584, 591 N.E.2d 308 (3rd Dist.1990). To be notorious the use must be "'known to some who might reasonably be expected to communicate their knowledge to the owner if he maintained a reasonable degree of supervision.'" *Dunn* at ¶ 78, quoting *Hindall* at 584. "In other words, the use of the property must be

so patent that the true owner of the property could not be deceived as to the property's use." *Hindall* at 583.

**{¶14}** We agree that by themselves incidental "activities conducted merely to maintain the land, such as mowing, are generally not sufficient to establish adverse possession." *Stover v. Templeton*, 4th Dist. Lawrence No. 95CA32, 1996 WL 112683, *2 (Mar. 11, 1996). However, each claim of adverse possession must be decided upon its particular facts and contrary to Neumann's arguments, there is no "bright line" rule regarding such activities as cutting hay and mowing grass. *Thompson v. Hayslip*, 74 Ohio App.3d 829, 832-833, 600 N.E.2d 756 (4th Dist.1991). This "allows the court to consider the unique nature of the real property in question," which "is necessary since a use which notifies an owner in one locale that another is asserting an adverse claim to his land, may not be a sufficient use to so notify an owner in another area." *Id.* at 833. And although mowing and incidental maintenance by themselves may not always be "sufficiently open and notorious to establish adverse possession, such activity is 'relevant evidence of open and notorious use, and when combined with other activities under the proper circumstances it may help to establish adverse possession.'" *Franklin v. Massillon Homes II, L.L.C.*, 184 Ohio App.3d 455, 2009-Ohio-5487, 921 N.E.2d 314, ¶ 25 (5th Dist.), quoting *Kaufman v. Geisken Ents., Ltd.,* 3rd Dist. Putnam No. 12-02-04, 2003-Ohio-1027, ¶ 31.

**{¶15}** Moreover, enrollment of land in the CRP is not akin to mere incidental mowing of a neighbor's boundary. Subject to non-relevant exceptions, in order to be eligible for CRP enrollment a farmer must have owned or operated the land for at least 12 months prior to the previous sign-up period. The program is administered by the

federal Farm Service Agency and requires applicants to competitively bid their land in order to receive a long-term contract that pays the farmer to remove land from agricultural production in return for a yearly rental payment. After removing the land from production farmers are required to plant and maintain species such as warm weather grasses that improve the quality of the land and surrounding water, prevent soil erosion, and increase wildlife habitat. *See generally*, Farm Service Agency, *Conservation Programs*, http://www.fsa.usda.gov/FSA/webapp?area=home&subject=copr&topic=crp (accessed Mar. 18, 2014).

{¶16} Thus, the trial court did not err as a matter of law by considering the Harderts' specific changes to the land, including enrollment in the CRP and associated mowing, as indicative of adverse possession. We overrule Neumann's first assignment of error. *See Thompson* at 833.

### D. Manifest Weight of the Evidence

{¶17} Next we turn to Neumann's second assignment of error and consider whether the trial court's conclusion that the Harderts had obtained title to the disputed property is against the manifest weight of the evidence. Under this assignment of error, she again argues that the Harderts did not establish the open and notorious elements for the required 21 years because after 1997 they only maintained the disputed property by mowing the grass field.

{¶18} We will not reverse a trial court's judgment as against the manifest weight "if it is supported by some competent, credible evidence." *Nolen v. Rase*, 4th Dist. Scioto No. 13CA3536, 2013-Ohio-5680, ¶ 9, citing *Eastley v. Volkman*, 132 Ohio St.3d

328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 14; *Shemo v. Mayfield Hts.*, 88 Ohio St.3d 7, 10, 722 N.E.2d 1018 (2000); *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus (1978).  "This standard of review is highly deferential and even the existence of 'some' evidence is sufficient to support a court's judgment and to prevent a reversal."  *Nolen* at ¶ 9.

{¶19}  Here, the undisputed evidence showed that the Harderts' father acquired the second tract of land in 1982, after which he removed two rows of parallel trees and a fence that separated his land from the disputed land.  He also added topsoil, filled in low spots in the land, removed a road that occasionally intersected with the disputed property and began farming his land and the disputed property as one.  As the trial court stated "this [was] not a small project that would [have] gone unnoticed."

{¶20}  The Harderts also testified that their family and the Neumanns were not on good terms and they had no knowledge that the Neumanns had ever given their father permission to remove the trees.  Neumann also testified that she did not believe her husband would have given the Harderts permission to cross over the disputed land when planting crops.  Moreover, Neumann herself admitted that the Harderts "chang[ed] the look of the whole area" by plowing the road and removing the trees and fence.  These changes to the land lasted until 2010, and were capable of giving Neumann, the legal owner, notice that someone was adversely possessing her land.  The Harderts made no attempt to conceal their use, and in fact believed they owned the disputed property until they initiated this action.  Finally, we already found that enrollment in the CRP and its associated maintenance activities can be the type of activities that were

consistent with notice to the owner that another is asserting an adverse interest in the land.

## IV. CONCLUSION

**{¶21}** There was some competent, credible evidence to support the trial court's finding that the Harderts' use of the disputed property was open and notorious for the required 21 year period necessary to establish adverse possession.  Accordingly, we cannot say its judgment was against the manifest weight of the evidence.  We overrule both of Neumann's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
       William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**