[Cite as *McMullen v. Wyatt*, 2022-Ohio-4162.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

CHRISTINE MCMULLEN,

      Plaintiff-Appellee,

- vs -

JOHN A. WYATT,

      Defendant-Appellant.

**CASE NO. 2022-P-0023**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2020 CV 00398

---

## **O P I N I O N**

Decided: November 21, 2022
Judgment: Affirmed

---

*Scott J. Flynn*, Flynn Keith & Flynn, 214 South Water Street, P.O. Box 762, Kent, OH 44240 (For Plaintiff-Appellee).

*Joel A. Holt*, Ickes \ Holt, 4301 Darrow Road, Suite 1100, Stow, OH 44224 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, John A. Wyatt, appeals the judgment of the Portage County Court of Common Pleas, finding in favor of plaintiff-appellee, Christine McMullen, on her claim for adverse possession. For the following reasons, we affirm the decision of the court below.

{¶2} On June 19, 2020, McMullen filed a Complaint against Wyatt for Adverse Possession, Implied and Prescriptive Easements, and Private Nuisance.

{¶3} On August 7, 2020, Wyatt filed an Answer and Counterclaim for Trespass.

{¶4} On July 13, 2021, the matter was tried before a magistrate.

{¶5} On July 20, 2021, a Magistrate's Decision was issued. The magistrate made the following relevant findings of fact:

- Plaintiff Christine McMullen lives at 1804 Merrill Rd. Kent, OH with her husband.

- Plaintiff purchased the property from her mother in 2015.

- Plaintiff has lived at the property since November 1998.

- Plaintiff's residence includes an unattached garage.

- The garage is used daily as a separate living room for the McMullen family. The room contains a TV, wood-burner, furniture, and other accessories suitable for a recreation room/family room.

- The garage was built in 1901. Its location has never moved.

- Plaintiff has used the garage continuously for 21 years.

- Defendant has not used the garage or demanded access to the garage.

- Defendant did not institute a legal claim against Plaintiff in the 21 years from the time the garage was being used and possessed by the Plaintiff.

- The history of which parcel the garage resides on has a complicated past.

- At times, the property the garage has been deeded on resided at 1804 Merrill Rd.

- At other times, and currently, the land the garage resides on has been included in the legal description/deed of the neighboring property owned by the Defendant.

- In 1993, the property owned by Linda Dixon (which included the .102 acre parcel where the garage encroaches) was sold at sheriff's sale and deeded to the Wyatt family.

- The .102 acre parcel's dimensions are roughly 17'x293.05'[.]

- The McMullen family used the .102 parcel for outbuildings, gardens, and driveway access to the back of their property.

2

- At some point, prior to the accumulation of 21 years, the Wyatt family revoked permission for the McMullen family to use the parcel as a driveway. They also demanded the outbuildings be removed.[1]

- The McMullen family ceased using the parcel as a driveway. They also tore down/removed all of the outbuildings, except for the garage.

- The McMullen family stopped caring for the back part of the .102 parcel behind their home as well.

* * *

- Defendant has been the owner of his parcel since 2007.

- Defendant has had the property surveyed three times. Each survey showed the garage encroachment on his property.

- Defendant's counsel sent a letter in 2008 informing the McMullen family about the encroachment.

- Plaintiff's possession of the garage and garage curtilage has been open, continuous, notorious, and exclusive for more than 21 years.

{¶6} The magistrate found "by clear and convincing evidence that the Plaintiff has proved its adverse possession claim for the garage, but not the entire .102 acre strip of land." The plaintiff was awarded a 5' strip of land from Merrill Road to and around the part of the garage encroaching on Wyatt's parcel. All other claims were denied. The trial court adopted the Magistrate's Decision without modification on the day it was issued.

{¶7} On July 28, 2021, Wyatt filed Objections to Magistrate's Decision. Wyatt's stated objections were as follows: "Defendant hereby files his objections to the Magistrate's Decision filed herein on July 20, 2021, granting adverse possession to plaintiff."

---

1. According to Wyatt's testimony, his mother revoked her permission for the McMullens to use the property to access the rear of their property, i.e., as a driveway, in June of 2003. In a 2008 letter, referenced below, Wyatt (through counsel) advised the McMullens "to have any building on his Brady Lake property removed."

3

{¶8} On August 24, 2021, the trial court issued an Order and Journal Entry, advising Wyatt that, pursuant to Civil Rule 53(D)(3)(b)(ii), his "objection needs to be specific and state with particularity all grounds for objections," and that, pursuant to Civil Rule 53(D)(3)(a)(iii), "any objection to a factual finding * * * shall be supported by a transcript of all the evidence submitted to the magistrate." Wyatt would have 45 days from the date of the Order to file the transcript and could seek leave of court to supplement his objections.

{¶9} On September 22, 2021, Wyatt filed Amended Objections to Magistrate's Decision. The Amended Objections stated: "Defendant hereby files his amended objections to the Magistrate's Decision filed herein on July 20, 2021, in the following respect: The evidence failed to establish 21-years of open and notorious possession on the part of the plaintiff, and that said possession was adverse to the defendant."

{¶10} On October 8, 2021, the transcript of the hearing before the magistrate was filed.

{¶11} On March 30, 2022, the trial court issued a Journal Entry overruling Wyatt's Objections.

{¶12} On April 29, 2022, Wyatt filed a Notice of Appeal. On appeal, he raises the following assignment of error: "The final judgment is erroneous because it is against the manifest weight of the evidence, incorrectly applied the law of adverse possession, and failed to properly apply the clear and convincing evidence evidentiary standard."

{¶13} The usual standard of review for a trial court's adoption of a magistrate's decision is abuse of discretion. *Allen v. Allen*, 2022-Ohio-3198, __ N.E.3d __, ¶ 39 (11th Dist.). Under this deferential standard of review, the trial court's decision should be

4

affirmed "if there is some competent, credible evidence to support [it]," and regardless of whether "the reviewing court would have reached a different result." *Id.* at ¶ 40.

{¶14} Preliminarily, McMullen argues that Wyatt failed to comply with the requirement that "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Therefore, the adoption of the magistrate's decision should be reviewed for plain error. Civ.R. 53(D)(3)(b)(iv) ("[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)"). McMullen maintains that to hold that Wyatt complied with the rule that objections should be specific and stated with particularity by asserting that the "evidence failed to establish" the elements of an adverse possession claim "would render Civ. R. 53(D) worthless." Brief of Appellee at 8.

{¶15} There is no strong consensus regarding the degree of specificity or particularity with which objections must be stated to satisfy Civil Rule 53(D)(3). The Staff Notes to Rule 53 provide that the form of objections must "be specific; a general objection is insufficient to preserve an issue for judicial consideration." "In interpreting this provision of Civ.R. 53, it has been held that a mere blanket objection to the magistrate's decision is insufficient to preserve an objection." *Lambert v. Lambert*, 11th Dist. Portage No. 2004-P-0057, 2005-Ohio-2259, ¶ 16. "When a party submits general objections that fail to provide legal or factual support, 'the trial court may affirm the magistrate's decision without considering the merits of the objection.'" (Citation omitted.) *Id.*; *compare Gordon v. Gordon*, 98 Ohio St.3d 334, 2003-Ohio-1069, 784 N.E.2d 1175, ¶ 14 ("[a] party who files premature objections runs the risk of not complying with this rule and of having the

5

objections overruled because they are not responsive to the grounds ultimately relied on by the magistrate"). *See Lambert* at ¶ 17 ("appellant filed general objections to the magistrate's decision and did not specifically raise the objection that the trial court [sic] erred in determining his gross income," and so "is precluded from raising [on appeal] any claim not raised in his objections to the magistrate's decision"); *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24 ("[w]here a party fails to raise an issue in its objections to a magistrate's decision, that issue is forfeited on appeal"); *In re Ingles*, 11th Dist. Trumbull No. 2003-T-0037, 2004-Ohio-5462, ¶ 24 ("[a]lthough appellant set forth specific objections to the magistrate's decision, he failed to support such objections with any factual or legal grounds," and so "his objections fail to comply with Civ.R. 53([D])(3)(b)"); *Wallace v. Willoughby*, 3d Dist. Shelby No. 17-10-15, 2011-Ohio-3008, ¶ 14 and 21 (objections stating "that the findings of fact; conclusions of law; discussion; and decision regarding the allocation of the residential parent of the Minor Children are not supported by the record of the case and law" did "not meet the specificity requirement set forth in Civ.R. 53(D)(3)(b)(ii), as they baldly assert an objection to the magistrate's findings of fact and conclusions of law"). *Compare Smith v. Bank of Am.*, 7th Dist. Mahoning No. 11-MA-169, 2013-Ohio-4321, ¶ 18 ("[e]ach of the five objections took issue with each of the five specific legal conclusions reached by the magistrate" and, "[w]hile * * * brief and not supported with any further argument or case law citations, they were nonetheless specific and stated with particularity the *grounds* for objection").

{¶16} Here, Wyatt's Amended Objections stated that the "evidence failed to establish 21-years of open and notorious possession on the part of the plaintiff, and that

6

said possession was adverse to the defendant," without any citation to the magistrate's factual findings, the record, or case law. This is essentially a general objection stating the elements of an adverse possession claim. On appeal, ~~however,~~ Wyatt does raise specific arguments: he claims that the use of the garage, like the driveway, the outbuildings, and other uses of the disputed property, was permissive. Thus, McMullen's use of the garage was neither adverse nor continuous. Wyatt additionally argues that the evidence supporting McMullen's claim does not meet the clear and convincing evidence standard but rather, at most, satisfies a preponderance of the evidence standard. Although minimal, Wyatt's objections were sufficient to preserve the arguments he raises on appeal. *Ramsey v. Pellicioni*, 7th Dist. Mahoning Nos. 14 MA 134 and 14 MA 135, 2016-Ohio-558, ¶ 13 ("although objections may be brief and not supported with further argument or case law citations, as long as they are specific and state the grounds for the objections they are adequate to preserve the issue for appeal").

{¶17} McMullen also argues that Wyatt's objections were not properly supported by a transcript of the hearing before the magistrate because "[t]he trial court, *sua sponte*, filed the trial transcript 80 days after Wyatt filed his Objections, and 16 days after Wyatt filed his "Amended Objections." Brief of Appellee at 9-10. On October 8, 2021, the hearing transcript was filed with the trial court although it is not evident, from the face of the record, by whom it was filed. We find the issue immaterial. The transcript was timely filed pursuant to the trial court's August 24 Order, i.e., within 45 days of the Order, and the court duly reviewed the transcript when ruling on the Amended Objections. We find no issue with the filing of the transcript in support of the objections.

7

**{¶18}** "It is well established in Ohio that to succeed in acquiring title by adverse possession, the claimant must show exclusive possession that is open, notorious, continuous, and adverse for 21 years." *Evanich v. Bridge*, 119 Ohio St.3d 260, 2008-Ohio-3820, 893 N.E.2d 481, ¶ 7. "[T]he legal requirement that possession be adverse is satisfied by clear and convincing evidence that for 21 years the claimant possessed property and treated it as the claimant's own." *Id.* at syllabus.

**{¶19}** "It is well established that a possession is not hostile or adverse if the entry is by permission of the owner, or the possession is continued by agreement; such an occupancy, consequently, confers no right." (Citation omitted.) *Golubski v. U.S. Plastic Equip., L.L.C.*, 11th Dist. Portage No. 2015-P-0001, 2015-Ohio-4239, ¶ 18; *Rodgers v. Pahoundis*, 178 Ohio App.3d 229, 2008-Ohio-4468, 897 N.E.2d 680, ¶ 41 (5th Dist.) ("[i]f a claimant's use of the disputed property is either by permission or accommodation for the owner, then it is not 'adverse,' for purposes of establishing adverse possession") (citation omitted). Once the party claiming title by adverse possession establishes a prima facie case of adverse use, the owner of the property in question has the burden of proving that such use was permissive. *Rodgers* at ¶ 42; *Andrews v. Passmore*, 2015-Ohio-2681, 38 N.E.3d 450, ¶ 12 (7th Dist.) ("[o]nce the occupier has set forth a prima facie case that the use may be adverse, the landowner must then prove the use was permissive by a preponderance of the evidence").

**{¶20}** As noted above, Wyatt's argument on appeal is that McMullen's use of the garage was permissive for at least part of the 21-year period in question, or, alternatively, that the evidence for McMullen's use being truly adverse does not meet the preponderance of the evidence standard. We find neither argument convincing. On the

8

contrary, the trial court's judgment is readily supported by competent and credible evidence.

{¶21} The encroachment of the garage onto Wyatt's property predates both Wyatt's and McMullen's ownership of their respective properties. McMullen has used the garage as a recreation/living room since the time of her occupancy of the property in 1998. Wyatt was aware of the encroachment having had the property surveyed three times since 2007. Thus, a prima facie case of adverse possession is established. The evidence that the use was permissive is minimal. Wyatt did not testify that he, or his mother who owned the property before him, ever gave their consent to the encroachment of the garage onto their property. McMullen testified that she never received such consent from the Wyatts. Any suggestion that Wyatt suffered the garage to encroach on his property as a "neighborly accommodation" to McMullen cannot be seriously maintained in light of the relationship between the parties.

{¶22} Wyatt bases the claim that the use of the garage was permissive on the existence of evidence that other uses of his property by McMullen, such as for a driveway, outbuildings, flowerbeds and birdhouses, may have been permissive. When Wyatt objected to these uses McMullen discontinued them. The nature of the encroachment of the garage onto his property, however, is not comparable to these other uses, which only began after McMullen's occupancy of her property. The garage's existence predated both parties' occupancy of their properties and, in any event, its use by McMullen was never discontinued. There is no error in the trial court's award of title to the garage and the five-foot strip around the property to McMullen.

9

**{¶23}** Finally, Wyatt contends that the magistrate failed to apply the preponderance of the evidence standard despite the profession that it found "by clear and convincing evidence that the Plaintiff has proved its adverse possession claim for the garage." He "contends that equally credible contradictory testimony does not in and of itself qualify as clear and convincing evidence." Specifically, "Wyatt * * * produced documentary evidence in the form of the August 2008 letter and the Auditor's public records to support his testimony that he revoked permission for all of the buildings on the Disputed Property, including the garage, in 2006 and/or 2008. Wyatt's evidence at trial discredited and reduced the probative value of McMullen's testimony to perhaps even below the preponderance standard, to 'a basis for only a choice among different possibilities' as to the adversity requirement of adverse possession." Brief of Appellant at 12, quoting *Landon v. Lee Motors, Inc.*, 161 Ohio St. 82, 99, 118 N.E.2d 147 (1954).

**{¶24}** Wyatt's argument fails to convince. It presumes that his evidence of permissive use was equally credible, but the record does not support the presumption. McMullen testified directly that she had never been given permission by either Wyatt or his mother regarding the encroachment of the garage. Wyatt's evidence merely shows that it would be possible to infer, if the trier of fact were so inclined, that permission had been given at some point. More fundamentally, "[w]eight is not a question of mathematics, but depends on its *effect in inducing belief*." (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). It is not enough to say that there is evidence to support either side of an issue. Even if Wyatt had presented direct evidence of McMullen's use being permissive, the magistrate could still have found the

10

Case No. 2022-P-0023

clear and convincing evidence standard satisfied if McMullen's testimony were deemed to be significantly more credible than Wyatt's testimony.

{¶25} The sole assignment of error is without merit.

{¶26} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2022-P-0023