DECISION AND JUDGMENT ENTRY
{¶ 1} Jason A. Blankenship appeals the judgment of the Portsmouth Municipal Court in favor of Richard Spencer, d.b.a. DS Rentals, on Spencer's complaint for unpaid rent and damages to his rental property. Blankenship asserts that the trial court erred in denying his motion for summary judgment, which claimed Blankenship had no personal liability for the debt because the parties to the lease were Spencer and a corporation in which Blankenship held stock. Blankenship argued that because there was no evidentiary basis upon which the court could "pierce the corporate veil," he was not personally liable. He also claims that the trial court's judgment is against the manifest weight of the evidence.
 {¶ 2} We do not address the merits of Blankenship's assigned errors because the trial transcript is unavailable and the court was unable to settle and reconcile the App.R. 9(C) statement of the evidence due to its lack of recollection of the trial events. Since we are unable to make an effective review on appeal, we reverse and remand this matter to the trial court to either hold a hearing and submit a settled and approved Rule 9(C) statement, or to hold a new trial.
 {¶ 3} In or about November 1996, P.J.'s Pub, Inc. ("P.J.'s"), a corporation that Blankenship owned, purchased a bar from Map Corporation ("Map"), which was owned by Michael Fitch. The bar was located at 1555 11th Street in Portsmouth, a property that Spencer owned. Either Map or Fitch leased the property from Spencer for $600.00 per month in rent and $154.25 per month for insurance coverage. As part of its sale agreement with P.J.'s, Map assigned all of its interest in and obligations to Spencer's premises to P.J.'s. Although Spencer was apparently aware of the transfer of the bar's ownership and the new tenancy, he did not enter into a written lease with either P.J.'s or Blankenship.
 {¶ 4} According to Spencer, Blankenship and P.J.'s failed to pay rent for the months of July, August and September 1997. Spencer evicted P.J.'s from the premises and filed suit to recover the unpaid rent and other damages. In November 1999, after the filing of several pleadings by both sides, Spencer filed a second amended complaint against both Blankenship and P.J.'s in which he sought $3,000 in unpaid rent, $500 in unpaid taxes, $8,000 for defacement of the building, and $3,000 for damages to the interior of the premises.
 {¶ 5} Blankenship and P.J.'s answered the second amended complaint and P.J.'s filed a counterclaim for breach of contract and conversion. P.J.'s alleged that, despite representing to Blankenship that he had obtained insurance for the premises and collecting insurance premiums, Spencer failed to procure insurance coverage as promised. P.J.'s sought $1,223 for electrical repairs and plumbing repairs it made to the leased premises, $1,874.22 for loss of inventory due to a power failure, $500 in back taxes sought by Spencer, $1,079.75 for insurance payments, $503.50 for a sign that Spencer allegedly removed, and $1,095.45 for an alarm system that Spencer allegedly removed.
 {¶ 6} In August 2000, three days before trial, Blankenship filed a motion for summary judgment. In his motion, Blankenship asserted that only Spencer and P.J.'s were parties to the property lease. Since Blankenship was a shareholder of P.J.'s but not a party to the lease agreement, he could not be sued in his individual capacity unless Spencer sought to "pierce the corporate veil." Blankenship argued that the necessary requirements for piercing the corporate veil did not exist. In support of his position that P.J.'s was the only lessee of the premises, Blankenship produced a copy of the "Summary of Tenancy Rights," a document filed with the Department of Liquor Control in connection with the transference of the liquor license from Map to P.J.'s, which states that P.J.'s has tenancy rights to Spencer's property. Blankenship also produced copies of checks drafted on P.J.'s account payable to Spencer for rent and insurance payments. Spencer never filed a written response to Blankenship's motion for summary judgment and the trial court never issued a written decision regarding the motion, likely due to the short period of time between its filing and the trial date.
 {¶ 7} The case proceeded to a bench trial in August 2000; however, the court did not render its judgment until March 2003. In its entry, the trial court rejected Spencer's claims for back taxes and damage to the exterior of the building and all of P.J.'s counterclaims. The court ruled in Spencer's favor on the claims for back rent and damage to the interior of the building and entered judgment for $4,800.00 in Spencer's favor.[1]
 {¶ 8} Blankenship timely appealed the trial court's judgment, assigning the following errors:
 {¶ 9} "I. The trial court erred in denying Appellant's motion for summary judgment on Appellant, Jason Blankenship's, liability in his individual capacity because Appellee presented no evidence to create a genuine issue of material fact as to the issue and Appellant was entitled to judgment as a matter of law.
 {¶ 10} "II. The trial court erred in rendering judgment in favor of Appellee and against Appellant where said determination is against the manifest weight of the evidence."
 {¶ 11} In perfecting his appeal, Blankenship attempted to obtain a copy of the trial transcript. However, the court reporter was unable to produce a transcript because the tape of the hearing was no longer available. Therefore, Blankenship attempted to submit a settled narrative statement under App.R. 9(C).
 {¶ 12} App.R. 9(C) states:
 {¶ 13} "If no statement of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 14} In accordance with this rule, Blankenship's counsel submitted a Statement of Facts to Spencer's counsel. Spencer's counsel responded by indicating that he did not agree with most of the Statement and drafting his own Proposed Facts. Both parties' versions of the trial events were submitted to the trial court for its review and settlement. The court issued its own Statement indicating that "[t]he parties are unable to agree on key facts and the Trial Court's extensive notes have been destroyed." The court then submitted both parties' statements as well as its judgment entry for our review in this case.
 {¶ 15} In his first assignment of error, Blankenship asserts that the court erred in denying his motion for summary judgment. Although the court did not explicitly overrule Blankenship's motion, when a trial court fails to rule on a motion, it is considered denied. State v. Olah, 146 Ohio App.3d 586, 592,2001-Ohio-1641, 767 N.E.2d 755, citing Georgeoff v. O'Brien
(1995), 105 Ohio App.3d 373, 378, 663 N.E.2d 1348. A party may appeal the denial of a motion for summary judgment after a subsequent adverse final judgment. Balson v. Dodds (1980),62 Ohio St.2d 287, at paragraph one of the syllabus, 405 N.E.2d 293. However, "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made."Continental Ins. Co. v. Whittington, 1994-Ohio-362,71 Ohio St.3d 150, syllabus, 642 N.E.2d 615. Thus, a review of the trial proceedings may be necessary in order to decide if denial of the motion for summary judgment in this case amounted to harmless error.
 {¶ 16} In his second assignment of error, Blankenship argues that the trial court's judgment is against the weight of the evidence. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
 {¶ 17} In order to resolve both of Blankenship's assigned errors, we must review the trial record. Under App.R. 9(C), it is the trial court's duty to resolve disputes as to the events that occurred at trial when a transcript is unavailable. However, the trial court indicated it is unable to make such a resolution in this case. A court's failure or inability to settle and reconcile objections and amendments submitted renders the App.R. 9(C) statement insufficient to effectuate a fair review on appeal. SeeHendricks v. White (Nov. 12, 1992), Cuyahoga App. No. 61022 (Harper, J. dissenting).
 {¶ 18} The Eighth District Court of Appeals has consistently held that where the trial court cannot make an intelligent ruling on an App.R. 9(C) statement because it lacks independent recollection of the facts, a new trial becomes paramount. Statev. Hendrix (June 13, 1991), Cuyahoga App. Nos. 58519 and 58520;State v. Polk (Mar. 7, 1991), Cuyahoga App. No. 57511; Statev. Newell (Dec. 6, 1990), Cuyahoga App. Nos. 56801 and 60128. However, in her dissent in Hendricks, supra, Judge Harper stated that in such situations she would reverse and remand the matter to the trial judge to "settle and approve" a statement of the evidence in accordance with App.R. 9(C) or to otherwise grant a new trial. We agree with Judge Harper that the better practice is to allow the trial court to decide whether to hold a hearing and issue a settled and approved statement in compliance with App.R. 9(C), or to grant a new trial.
 {¶ 19} Since we are unable to adequately review either of Blankenship's assigned errors on the record as it currently exists, we reverse and remand this matter to the trial court with instructions to either comply with App.R. 9(C) or to hold a new trial.
Judgment reversed and cause remanded.
Kline, P.J., and Abele, J., concur.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellants recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] The court entered judgment "against defendant" but did not specify which defendant, Blankenship or P.J.'s, it was entering judgment against. At one point in the entry, the court refers to "Defendant Blankenship d.b.a. PJ's Pub, Inc." Therefore, it appears that the court erroneously concluded that there was only defendant in the case. However, only Blankenship has filed an appeal in this case.