DECISION AND JUDGMENT ENTRY
{¶ 1} Clinton Lester, et al. ("Appellants") appeal the decision of the Athens County Court of Common Pleas granting summary judgment for the Personal Service Insurance Company ("PSIC"). The Appellants argue that Michael Schultz's misstatement concerning his criminal history on his insurance application amounts to a misrepresentation rather than a warranty, rendering his policy voidable, as opposed to void ab initio. Because we find that the misstatement at issue amounts to a warranty, we affirm the decision of the trial court.
 I. Facts {¶ 2} On October 12, 2003, Clinton Lester and Lawrence Anderson were passengers in a motor vehicle driven by Michael Schultz. As a result of the negligence of Mr. Schultz, that vehicle was involved in a single-car collision. Mr. Schultz was killed in the incident. Lawrence Anderson likewise suffered fatal injuries. Clinton Lester sustained serious personal injuries.
 {¶ 3} Prior to the accident, on October 7, 2003, Michael Schultz submitted an application for automobile insurance to PSIC. Pursuant to that application, PSIC issued an automobile insurance policy, policy number SPC11604542, to Schultz with motor vehicle liability coverage limits of $12,500 per person/$25,000 per accident.
 {¶ 4} At the bottom of the first page of the application for automobile insurance, there is a list of general questions. Question Number 12 asks applicants, "Does any driver have a criminal record?" Schultz's response to Question 12 was simply "No." Subsequent to the October 12, 2003 accident, PSIC discovered that Michael Schultz had a criminal record consisting of a sexual battery conviction in 1996 and a conviction for assault and domestic violence on an unknown date.
 {¶ 5} On December 1, 2003, PSIC filed a complaint in the Athens County Court of Common Pleas for declaratory judgment, seeking a declaration that it had no coverage under the automobile insurance policy it issued to Michael Schultz for his October 12, 2003 accident, on the grounds that the misstatement Mr. Schultz made in his application regarding his criminal record constituted a warranty, thereby rendering the policy void from its inception. Clinton Lester and Edward Anderson, administrator of the estate of Lawrence Anderson ("Appellants"), filed counterclaims against PSIC and cross-claims against the administrator of the estate of Michael Schultz. On January 13, 2005, PSIC filed an amended complaint for declaratory judgment and a motion for summary judgment. In his answer to the amended complaint, filed February 7, 2005, Edward Anderson filed a cross-claim against the administrator of the estate of Michael Schultz, and a third-party complaint (designated a cross-claim) against third-party defendant Nationwide Property Casualty Insurance Company ("Nationwide"). On April 8, 2005, the trial court granted the motion for summary judgment filed by PSIC as to the Appellants.
 {¶ 6} On April 19, 2005, the Appellants filed a motion to vacate the decision and entry granting summary judgment on the grounds that the entry dismissed the entire case even though the cross-claims against the administrator of the estate of Michael Schultz and the third-party complaint against Nationwide were still pending. On July 29, 2005, the trial court issued an entry vacating the decision on the motion for summary judgment and judgment entry dated April 8, 2005, granting summary judgment in favor of PSIC and setting the motion schedule. The July 29, 2005 entry effectively changed the dismissal of the case to a partial dismissal of only PSIC, and rendered the entry granting the partial dismissal a non-appealable order.
 {¶ 7} On September 14, 2005, Nationwide filed a motion for summary judgment on the cross-claim filed by Appellant Edward Anderson. On October 17, 2005, Appellant Edward Anderson filed a cross-motion for summary judgment. On December 27, 2005, the trial court denied the cross-motions for summary judgment. Nationwide and Appellant Edward Anderson subsequently reached a settlement and by notice filed March 22, 2006, Appellant Edward Anderson dismissed his cross-claim against Nationwide. The effect of this dismissal was to leave the cross-claims of the Appellants against the administrator of the estate Michael Schultz as the only pending claims.
 {¶ 8} Because the administrator of the estate of Michael Schultz represented that its only asset was the potential coverage available under the PSIC policy, and because there is no apparent dispute as to the negligence of Michael Schultz, or that the damages sought exceed the limits of the PSIC policy, the Appellant sought to avoid a trial against the estate of Michael Schultz. Therefore, on March 23, 2006, the Appellants filed a joint motion requesting the trial court to amend the July 29, 2005 entry dismissing PSIC in order to render that entry a final appealable order. The joint motion was unopposed. The trial court granted the motion on March 28, 2006 by amending its July 29, 2005 judgment entry, inserting the following language into the entry: "This court further finds that there is no just reason for delay, and this Entry is a final appealable order pursuant to Civ.R. 54(B)." The Appellants now appeal the March 28, 2006 entry, advancing two assignments of error:
 {¶ 9} 1. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE THE PERSONAL SERVICE INSURANCE COMPANY, AND AGAINST APPELLANTS CLINTON LESTER AND EDWARD ANDERSON, ADMINISTRATOR OF THE ESTATE OF LAWRENCE ANDERSON, DECEASED.
 {¶ 10} 2. THE TRIAL COURT ERRED IN HOLDING THAT THE MISSTATEMENT BY THE INSURED TORTFEASOR IN HIS APPLICATION FOR INSURANCE AS TO HIS LACK OF A CRIMINAL RECORD IS A WARRANTY, WHOSE BREACH RENDERS THE POLICY OF INSURANCE ISSUED BY APPELLEE THE PERSONAL SERVICE INSURANCE COMPANY VOID AB INITIO, AND THEREBY PRECLUDES RECOVERY BY APPELLANTS, THE INNOCENT VICTIMS.
 II. Standard of Review {¶ 11} The Appellants contend that the trial court erred when it granted summary judgment in favor of PSIC. When reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243;Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. SeeBrown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. In determining whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting a summary judgment motion as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 12} A trial court may grant a summary judgment motion if the moving party demonstrates that (1) no genuine issues of material fact exist, (2) it is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party. See Civ.R. 56(C); Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367,369-70, 696 N.E.2d 201; Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. Moreover, when ruling on a motion for summary judgment, the court must construe the record and all inferences in the opposing party's favor. See Doe v. First United Methodist Church (1994),68 Ohio St.3d 531, 535, 629 N.E.2d 402.
 {¶ 13} The interpretation of an insurance policy is a question of law that an appellate court reviews de novo, without deference to the trial court. Blair v. Cincinnati Ins. Co.,163 Ohio App.3d 81, 2005-Ohio-4323, at ¶ 8, citing Nationwide Mut.Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107,108, 652 N.E.2d 684. In interpreting an insurance policy, a court's role "is to give effect to the intent of the parties to the agreement." Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 11. In doing so, "[w]e examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. We look to the plain and ordinary meaning of the language used in the policy unless another meaning is clearly apparent from the contents of the policy. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." Id.
 III. Argument {¶ 14} The Appellants contend that because Michael Schultz's misstatement amounts to a misrepresentation and not a warranty, the PSIC policy is voidable rather than void ab initio. InAllstate Ins. Co. v. Boggs (1971), 27 Ohio St.2d 216, 218-19,271 N.E.2d 855, the Supreme Court of Ohio explained the distinction between a misrepresentation and a warranty and the effect of characterizing misstatements in one category or the other:
Statements by an insured fall into two classes — those which constitute warranties, and those which constitute representations.
The consequences of a misstatement of fact by an insured are entirely different, depending on whether the statement is a warranty or a misrepresentation. If the statement is a warranty, a misstatement of fact voids the policy ab initio. However, if the statement is a misrepresentation, a misstatement by the insured will render the policy voidable, if it is fraudulently made and the fact is material to the risk, but it does not void the policy ab initio.
In the law of insurance, a representation is a statement made prior to the issuance of the policy which tends to cause the insurer to assume the risk. A warranty is a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy. HartfordProtection Ins. Co. v. Harmer (1853), 2 Ohio St. 452. See 30 Ohio Jurisprudence 2d 415, Section 460.
The insurer's decision to incorporate the statement in or to omit it from the policy generally controls whether the statement is a warranty or a representation.
However, the mere fact that a statement of an insured is incorporated in a policy does not necessarily make such a statement a warranty. Courts do not favor warranties, or forfeitures from the breach thereof, and a statement as to conditions does not constitute a warranty unless the language of the policy, construed strictly against the insurer, requires such an interpretation. The fundamental principle is that inasmuch as policies of insurance are in the language selected by the insurer they are to be construed strictly against the insurer, and liberally in favor of the insured. Butche v. Ohio Cas. Ins. Co.
(1962), 174 Ohio St. 144, 187 N.E.2d 20. See 30 Ohio Jurisprudence 2d 225 and 227, Sections 215 and 216.
In other words, and insurer is bound by the provisions which he chooses to incorporate in his policy. If it is his purpose to provide that a misstatement by the insured shall render the policy void ab initio, such facts must appear clearly and unambiguously from the terms of the policy.
 {¶ 15} Boggs, supra, sets forth a two-prong test for determining whether a misstatement constitutes a warranty. SeeHorton v. Safe Auto Ins. Co. (June 14, 2001), Franklin App. No. 00AP-1017, 2001 WL 6644221, at *3. Under the first prong, a representation must plainly appear on the policy or must be plainly incorporated into the policy to be a warranty. Id. Under the second prong, there must be a plain warning that a misstatement as to the warranty will render the policy void from its inception. Id.
 {¶ 16} The relevant language in the PSIC policy that seeks to void coverage is located under Part V — Conditions, paragraphs 3 and 4, which state, in part:
3. Changes
This Policy with the declaration page and the application include all agreements, representations, and warranties between you and us relating to this insurance. * * *
4. Fraud and Misrepresentation
This policy was issued in reliance on the information provided on your insurance application, including, but not limited to, information regarding license and driving history of you, relatives, and all persons of driving age residing in your household; the description of the vehicles to be insured; the location of the principal place of garaging; and your place of residence.
We may void coverage under this policy if you or an insured person have knowingly concealed or misrepresented any material fact or circumstance (including, but not limited to, material misrepresentations regarding license or driving history of you, a relative, or any person of driving age residing in your household; the description of the vehicles to be insured; the location of the principal place of garaging; and your place of residence), or engaged in fraudulent conduct, at the time application was made or at any time during the policy period.
We may void this policy or deny coverage for an accident or loss if you or an insured person have knowingly concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.
We may void this policy for fraud or misrepresentation even after the occurrence of an accident or loss. This means that we will not be liable for any claims or damages which would otherwise be covered.
* * *
If we void this policy, it will be void from its inception (void ab initio), as if the policy never took effect.
 {¶ 17} We evaluate this language under the two-prong test set forth in Boggs, supra, to determine whether Michael Schultz's misstatement regarding his criminal record constitutes a warranty. The first prong of the test requires that a representation must plainly appear on the policy or must be plainly incorporated into the policy to be a warranty. The policy at issue states, under paragraph 3, that the "[p]olicy with the declaration page and the application include all agreements, representations, and warranties between you and us relating to this insurance." This statement is meant to incorporate the application and the declaration page into the policy. Therefore, any representations made on the application become part of the policy. Additionally, paragraph 4 of the policy clearly states "This policy was issued in reliance on the information provided on your insurance application[.]" This language also effectively incorporates the application into the policy. Based on the aforementioned provisions, the first prong of the Boggs test has been met.
 {¶ 18} The second prong of the Boggs test directs that there must be a plain warning that a misstatement as to the warranty will render the policy in question void from its inception. The operative language in the policy states: "[w]e may void coverage under this policy if you or an insured person have knowingly concealed or misrepresented any material fact or circumstance[.] * * * If we void this policy, it will be void from its inception (void ab initio), as if the policy never took effect." (Emphasis added). The question, therefore, becomes whether Michael Schultz's misstatement regarding his criminal history constitutes a material fact or circumstance.
 {¶ 19} As stated supra, the operative language in the policy provides:
We may void coverage under this policy if you or an insured person have knowingly concealed or misrepresented any material fact or circumstance (including, but not limited to, material misrepresentations regarding license or driving history of you, a relative, or any person of driving age residing in your household; the description of the vehicles to be insured; the location of the principal place of garaging; and your place of residence), or engaged in fraudulent conduct, at the time application was made or at any time during the policy period.
(Emphasis added). The concealment or misrepresentation of a criminal record falls within the residuary clause of this portion of the policy. The application question asking Michael Schultz about his criminal record is located in a section of the application entitled "General Information." There are fourteen questions for applicants to answer in this section. Of those fourteen questions, the majority relate to those representations enumerated under paragraph four of the policy as material facts or circumstances. This incidence connotes that the presence of a criminal record is also a material fact or circumstance under the policy.
 {¶ 20} Additionally, PSIC presented the affidavit of Carrie Rarick, a PSIC underwriter, which stated that "Michael Shultz's misrepresentation of not having a criminal record was a material misrepresentation and warranty relied upon by [PSIC] in issuing the * * * policy. But for this misrepresentation, the * * * policy would not have been issued to Michael Shultz." This affidavit reinforces the material nature of the misstatement.
 {¶ 21} Because we find that Michael Schultz's misstatement regarding his criminal history is a misrepresentation of a material fact or circumstance, it is clear that there exists in the policy a plain warning that such a misrepresentation will render the policy in question void from its inception. Thus, prong two of the Boggs test is satisfied. Because both parts of the Boggs analysis have been satisfied, the misstatement in question amounts to a warranty.
 IV. Conclusion {¶ 22} Our review of the record below indicates Michael Schultz's misstatement regarding his criminal history amounts to a warranty, which in turn renders the policy void ab initio. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. Kline, J.: Concur in Judgment and Opinion.