[Cite as *Am. Family Ins. Co. v. Hoop*, 2014-Ohio-3773.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| AMERICAN FAMILY INSURANCE COMPANY, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA983 |
| v. | : | |
| | | <u>DECISION AND</u> |
| STEPHEN E. HOOP, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED 08/26/2014 |

<u>APPEARANCES</u>:

Stephen E. Hoop, Manchester, Kentucky, *pro se*.[1]

Mark S. Maddox, Frost & Maddox Co., LPA, Columbus, Ohio, for Appellee.

Hoover, J.

{¶ 1} Stephen E. Hoop ("appellant") appeals the judgment of the Adams County Common Pleas Court, which declared his insurance policy with American Family Insurance Company ("appellee") an unenforceable, illegal contract, and dismissed his counterclaims, which were based on the policy. Appellant contends that the trial court erred in denying (1) his motion for summary judgment; (2) his motion for judgment on the pleadings; and (3) his motion to bifurcate appellee's declaratory judgment action from his counterclaims. Appellant also contends that the trial court made improper findings of fact and conclusions of law following trial. For the following reasons, we affirm the judgment of the trial court.

---

[1] Appellant's wife, Stella B. House, an attorney licensed to practice in Kentucky, filed a motion for permission to appear *pro hac vice* with this Court on April 30, 2014. At oral argument on May 1, 2014, Mrs. House appeared and requested permission to present argument on appellant's behalf. Because we had not yet seen Mrs. House's motion, much less ruled upon it, we did not permit Mrs. House to participate in the oral argument. On May 6, 2014, we granted Mrs. House *pro hac vice* status.

## I. FACTS

*A. Background Information & Procedural History*

{¶ 2} Beginning in 2002, appellant began submitting applications to appellee seeking insurance coverage for his automobiles. Between 2002 and January 2009, appellant sought insurance on at least eight vehicles from appellee. In each application for insurance, appellant represented that he resided on Old State Route 32 in Peebles, Ohio, and that the vehicles he sought to insure were "principally garaged" at that address.

{¶ 3} In December 2007, appellant applied for an insurance policy for his 1999 Ford F-350, through Joshua G. Edmisten, appellee's agent in Mount Orab, Ohio. The application represented that appellant lived on Old State Route 32 in Peebles, Ohio, and that the 1999 Ford F-350 was principally garaged at the same address. The application purportedly bears the signature of appellant; although appellant denies ever signing the application. Appellee subsequently issued a policy for the 1999 Ford F-350. The policy was renewed in September 2008. The policy provided underinsured bodily injury limits of $100,000 per person, with a provision for $5,000 in medical expense coverage.

{¶ 4} On January 17, 2009, appellant sustained personal injuries in an automobile accident in London, Kentucky, in which he was a front seat passenger in the Ford F-350 that was involved in a head on collision with an underinsured, at-fault motorist. On January 19, 2009, appellant's wife, Stella House, sent Mr. Edmisten a series of e-mails asking that the policies on the Ford F-350 and three other vehicles owned by her be cancelled, because she "decided to move [her] residence back to Kentucky." Mrs. House promised to utilize Mr. Edmisten's services if she decided to "move back to Ohio someday."

{¶ 5} Thereafter, appellant submitted an underinsured motorist claim with appellee as a result of the Kentucky accident.[2] Appellant also requested that the claim be arbitrated pursuant to the policy. A dispute subsequently arose as to the proper location for the arbitration. Appellee wished to arbitrate the claim in Ohio, where appellant claimed to live at the time the policy was issued, whereas appellant wished to arbitrate the claim in Kentucky, where he claimed to live at the time of the arbitration demand. On February 2, 2011, appellee filed a complaint in the trial court for declaratory judgment, seeking a declaration of the parties' rights under the insurance policy.

{¶ 6} Discovery ensued and appellee discovered evidence suggesting that appellant had been a resident of Kentucky since at least February 2002. In March 2012, appellee filed an amended complaint for declaratory judgment, requesting the trial court to declare the insurance contract illegal and unenforceable on the basis that appellee was not licensed or authorized to issue insurance policies to Kentucky residents or for vehicles located in Kentucky, and that appellant intentionally misrepresented that he was a resident of Ohio in order to obtain insurance. In response to the amended complaint, appellant filed an answer and counterclaims. Specifically, appellant asserted claims for breach of contract, bad faith, fraud, and unjust enrichment. Appellee filed an answer to the counterclaims.

{¶ 7} In September 2012, the parties filed cross-motions for summary judgment on appellee's declaratory judgment action. The trial court denied the cross-motions for summary judgment by judgment entry filed November 29, 2012. Appellee asked the trial court to reconsider its decision to deny its motion for summary judgment, but the trial court overruled appellee's motion for reconsideration.

---

[2] It is undisputed that appellee paid appellant $5,000 in medical payments, and appellee permitted appellant to settle with the at-fault driver's insurer, Progressive Insurance, for their liability limits of $50,000.

{¶ 8} On January 24, 2013, appellant filed a motion to bifurcate, seeking separate trials for appellee's declaratory judgment action and his counterclaims. The motion to bifurcate was denied. Appellant then filed a motion to reconsider the decision denying his motion to bifurcate, but the motion was denied.

{¶ 9} On June 14, 2013, appellant filed a motion for judgment on the pleadings. The parties agree that the trial court overruled the motion; however, we are unable to locate a journal entry explicitly overruling the motion. In any event, "when a trial court fails to rule on a motion, it is considered denied." *Spencer v. Blankenship*, 4th Dist. Scioto No. 03CA2882, 2004-Ohio-1738, ¶ 15.

{¶ 10} The case proceeded to trial on July 23, 2013. A transcript of the trial proceedings was not ordered by appellant, and thus is not available to this Court. Apparently, at the close of evidence, the trial court determined that the insurance policy was an illegal contract and dismissed appellant's counterclaims on the basis that they were premised on an illegal, unenforceable contract. The trial court's findings of fact and conclusions of law were entered on October 2, 2013. The trial court determined, as set forth in its findings of fact and conclusions of law, that appellant falsely represented to appellee that he was a resident of Ohio and that the Ford F-350 was principally garaged in Ohio, when in actuality, appellant was a resident of Kentucky. The trial court further determined that appellee is not authorized under Kentucky law to issue automobile insurance policies to residents of Kentucky or with respect to vehicles located in Kentucky, and thus, the policy is illegal and unenforceable.

*B. Evidence Regarding Appellant's Place of Residence*

{¶ 11} As previously mentioned, appellant did not order a transcript of the trial proceedings. Thus, all evidence regarding appellant's residential status is derived from the trial

court filings and attachments, the trial court entries, and the deposition transcripts that were filed with the trial court.

{¶ 12} While investigating appellant's underinsured motorist claim, appellee learned that the property located on Old State Route 32, Peebles, Ohio, was actually owned by Bill and Susie Robinson, and that appellant merely visited the Robinson's home from time to time.

{¶ 13} At his deposition, appellant testified that he and Mrs. House were married in 2002 in Kentucky. Mrs. House is an attorney licensed to practice in Kentucky. Between 2002 and 2008, appellant testified that he lived in Manchester Kentucky, and worked at the couple's "Double O Ranch" in Clay County, Kentucky; but he often visited Peebles, Ohio, during that time period as well. During this time appellant paid Kentucky income tax. He has not paid Ohio income tax since 1996.

{¶ 14}Appellant further testified that if his tax return for 2008 indicates he was a Kentucky resident, that would be true. While appellant only produced a partial copy of his 2008 federal tax return, the portion produced indicates that he was a resident of Kentucky in 2008.

{¶ 15} Appellant testified at his deposition that he moved to Ohio sometime in the spring of 2008, because he was having marriage troubles and wanted his family to move to Ohio. Upon further questioning, he indicated that he was "back and forth" between Ohio and Kentucky in 2008. While he did not own real property in Ohio, appellant claimed that he stayed as a guest at the Robinson's home in Peebles, or with his friend Jim Chadwick, or with his brother, or at the Comfort Inn in Seaman, Ohio. According to appellant, he "kind of stayed and moved around all over the place, really." Appellant admitted that he never stayed with the Robinsons on Old Route 32 in Peebles longer than 2-3 weeks at a time, and that his wife and 5 year-old daughter continued to live in Kentucky in 2008. He also testified that each time he left Kentucky for Ohio,

he intended to return to his home in Kentucky to visit his wife and daughter. Appellant also drove a 2005 Dodge while in Ohio, and kept the Ford F-350 in Kentucky.

{¶ 16} While appellant initially claimed to have spent most of his time in Ohio and Kentucky in 2008, he later testified at his deposition that he did visit his brother in Florida in 2008. While he was only in Florida for a couple of days in 2008, he applied for a Florida driver's license that year.

{¶ 17} Appellant also claimed that he could not recall ever telling Mr. Edmisten that the insured vehicles were principally garaged in Peebles, Ohio. He agreed that if he did represent that, it would have been a false statement.

{¶ 18} Mrs. House testified at her deposition that she and appellant married in Kentucky in 2002. According to Mrs. House, when the couple married she was a resident of Manchester, Kentucky, and appellant resided in Ohio. Mrs. House lived in Kentucky from 2002 through 2008. She testified that she "moved" to Ohio in 2008 for about six months, but returned to Manchester, Kentucky, after she could not sell her farm. Mrs. House indicated that the couple never purchased real property in Ohio, but stayed with family and friends. She also indicated that during the time she considered herself an Ohio resident, she regularly spent her weekdays in Kentucky attending to her law practice, and her weekends in Ohio with her husband.

{¶ 19} Mrs. House further testified that after the couple was married, appellant remained a resident of Ohio, staying in Ohio for more than half the year for each year of their marriage, while spending the remainder of the time in Kentucky and Florida. Mrs. House indicated that since the motor vehicle accident, appellant has resided mainly in Manchester, Kentucky.

{¶ 20} Mrs. House also indicated that Susie Robinson is appellant's cousin, and that appellant lived on and off with the Robinson family periodically throughout his life. In 2006 and

2007, Mrs. House filed complaints on appellant's behalf in federal bankruptcy court, the

Hamilton County Ohio Common Pleas Court, and the Butler County Ohio Common Pleas Court.

Each of those complaints list appellant as a resident of Manchester, Kentucky. Mrs. House also

testified that she could not recall if she ever completed an insurance application with appellee;

although she did acknowledge that appellee provided insurance for several of her and appellant's

vehicles.

## II. ASSIGNMENTS OF ERROR

{¶ 21} Appellant asserts the following assignments of error for review:

First Assignment of Error:

> The trial court improperly denied the Motion for Summary [Judgment], which Defendant-Appellant filed with the Adams County Clerk of Court ("ACCC") on September 4, 2012, in the Decision\Judgment Entry filed November 29, 2012.

Second Assignment of Error:

> The trial court improperly denied the Motion for Judgment on the Pleadings, which Defendant-Appellant filed with the ACCC on June 14, 2013.

Third Assignment of Error:

> In the Findings of Facts and Conclusions of Law, which were entered by the ACCC on October 2, 2013, the trial court improperly determined and concluded that:
>
> a.      The Policy is "illegal ab initio";
>
> b.      "The policy is an illegal contract pursuant to KRS 304.11-030(1), which provides that it is unlawful for any company to enter into a contract of insurance as an insurer … without a certificate of authority.";
>
> c.      "KRS 304.11-030(3) is inapplicable as the enforceability of the parties' illegal contract is determined as a matter of Ohio law["];
>
> d.      The Counterclaims of Defendant-Appellant failed "as a matter of law insofar as they are premised on an illegal contract"; and
>
> e.      *Allstate Ins. Co. v. Boggs*, 271 NE 2d 855 (Ohio 1971), "does not apply as said decision was not based on an otherwise legal contract …"

Fourth Assignment of Error:

The trial court improperly denied the motions to bifurcate the Declaratory Judgment Action from the Counterclaims trial under ORCP 42(b), which Defendant-Appellant filed with the ACCC on January 24, 2013, and April 26, 2013, in the Decisions\Judgment Entries filed February 22, 2013, and June 11, 2013.

## III. LAW AND ANALYSIS

*A. Appellant's First and Second Assignments of Error*

{¶ 22} Because the arguments supporting appellant's first and second assignments of error are identical, we will consider the assignments of error together. In his first and second assignments of error, appellant contends that the trial court erred in denying his motion for summary judgment, and motion for judgment on the pleadings, because: (1) appellee's Services Manager admitted in an affidavit filed with the trial court that the policy at issue "was in force on January 17, 2009," the date of the motor vehicle accident; and (2) his misrepresentations regarding his place of residence did not make the insurance policy "void ab initio" under Ohio law.

1. The Summary Judgment Motion

{¶ 23} "A party may appeal the denial of a motion for summary judgment after a subsequent adverse final judgment." *Spencer*, 2004-Ohio-1738, at ¶ 15, citing *Balson v. Dodds*, 62 Ohio St.2d 287, 405 N.E.2d 293 (1980), paragraph one of the syllabus. However:

Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made.

*Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 642 N.E.2d 615 (1994), syllabus.

{¶ 24} As the Tenth District Court of Appeals has explained:

> [I]f a trial court denies a summary judgment motion due to the existence of genuine issues of material fact, and a subsequent trial on these issues of fact results in a verdict supported by the evidence for the party who did not move for summary judgment, then substantial justice requires an appellate court to affirm the denial of summary judgment. To allow a summary judgment decision based upon less evidence to prevail over a verdict reached on more evidence would defeat the fundamental purpose of judicial inquiry.
>
> On the other hand, when a trial court denies a motion for summary judgment based upon the resolution of a purely legal question, an appellate court may review that decision regardless of the movant's success at trial. Unlike factual questions, legal questions are not mooted by a subsequent trial that results in a verdict adverse to the movant.

(Citations omitted.) *Miller v. Lindsay-Green, Inc.*, 10th Dist. Franklin No. 04AP-848, 2005-Ohio-6366, ¶¶ 31-32.

{¶ 25} Appellant makes two specific arguments in support of his contention that the trial court erred in denying his motion for summary judgment. To the extent that appellant contends that the affidavit resolved all questions of fact regarding the legality of the contract, such argument is precluded by the subsequent trial and adverse verdict. In any event, the affidavit did nothing to resolve appellant's residential status, which under appellee's theory of the case, is necessary to determine the legality of the contract. On the other hand, appellant seems to suggest that even if the insurance application contained misstatements regarding his residential status (i.e. conceding that he was a Kentucky resident), such misstatements amounted to a

misrepresentation and not a warranty, thus making the policy voidable rather than void ab initio. *See Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 271 N.E.2d 855 (1971) (explaining the distinction between a misrepresentation and a warranty in an insurance application, and the effect of characterizing a misstatement in one category versus the other). Because this argument presents a legal question[3], we may address it, even though appellant did not prevail at trial. Appellate courts conduct a de novo review of a trial court's summary judgment decision. *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, 973 N.E.2d 810, ¶ 11 (4th Dist.).

{¶ 26} Here, even if we were to assume, without finding, that appellant's legal argument contains merit, we nevertheless conclude that trial court properly overruled the motion for summary judgment. Appellant's motion simply fails to address all the legal arguments set forth in appellee's declaratory judgment action. Specifically, appellant did not address appellee's claim that the policy was an illegal contract under Kentucky law, and thus unenforceable under Ohio law.

{¶ 27} A party seeking summary judgment on all claims bears the burden of affirmatively demonstrating, that with respect to *every* essential issue of *each* count in the complaint, it is entitled to judgment. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). With the foregoing in mind, we have previously held that a trial court erred in granting summary judgment dismissing all claims where the summary judgment motion addressed only one count of the two-count complaint. *Spradlin v. Collier*, 4th Dist. Scioto No. 97CA2521, 1998 WL 154538, *5-6 (Mar. 31, 1998).

{¶ 28} Appellant moved the trial court for summary judgment against appellee on its Amended Complaint for Declaratory Judgment. The second count of the Amended Complaint

---

[3] *See Personal Serv. Ins. Co. v. Lester*, 4th Dist. Athens No. 06CA12, 2006-Ohio-5199, ¶ 13 ("The interpretation of an insurance policy is a question of law * * *.").

for Declaratory Judgment claimed the insurance policy was void because appellant misrepresented his residence and the principal location of the vehicles. Appellant's motion for summary judgment appropriately addressed this claim. However, appellee, in its first count, also alleged that the insurance policy was illegal and unenforceable. Appellant simply did not address this claim in his motion for summary judgment. Thus, the trial court did not err in overruling the motion.

2. The Motion for Judgment on the Pleadings

{¶ 29} Appellant's motion for judgment on the pleadings was filed after his summary judgment motion and merely repeated the arguments discussed in the summary judgment motion.

{¶ 30} Under Civ.R. 12(C), after the pleadings are closed, any party may move for judgment on the pleadings. Generally, appellate courts independently review the motion to determine if it was properly denied as a matter of law. *King v. Stump*, 4th Dist. Ross No. 97CA2349, 1998 WL 903494, *4 (Dec. 28, 1998).

{¶ 31} " 'Judgment on the pleadings is appropriate if, in construing all material allegations in the complaint in favor of the nonmoving party, together with all reasonable inferences to be drawn therefrom, the court finds, beyond doubt, that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' " *Maynard v. Norfolk S. Ry.*, 4th Dist. Scioto No. 08CA3267, 2009-Ohio-3143, ¶ 12, quoting *Dolan v. Glouster*, 173 Ohio App.3d 617, 2007-Ohio-6275, 879 N.E.2d 838, ¶ 7 (4th Dist.). "A motion under Civ.R. 12(C) presents only questions of law, and the determination of the motion is restricted solely to the allegations in the pleadings." *Quality Car & Truck Leasing, Inc. v. Pertuset*, 4th Dist. Scioto No. 11CA3436, 2013-Ohio-1964, ¶ 7.

{¶ 32} In the case sub judice, appellant's motion relied solely on appellee's responses to appellant's requests for admissions, which were attached to the motion. As just discussed, review of a motion for judgment on the pleadings is restricted "*solely* to the allegations in the pleadings." Because appellant's motion resorted to citation to appellee's responses to request for admissions, the motion is improper. Furthermore, the motion again failed to address appellee's claim that the policy was illegal and unenforceable. Accordingly, the trial court did not err in denying the motion for judgment on the pleadings.

{¶ 33} In light of the foregoing, appellant's first and second assignments of error are overruled.

*B. Appellant's Third Assignment of Error*

{¶ 34} In his third assignment of error, appellant contends that the trial court made several incorrect findings of fact and conclusions of law following trial. In particular, appellant contends that the trial court erred in concluding that the insurance policy was illegal and unenforceable. Appellant also argues that the trial court erred in finding that *Boggs*, supra, was inapplicable.

{¶ 35} As an initial matter, to the extent that appellant challenges the trial court's findings of fact, we find that his failure to provide a transcript of the trial court proceedings precludes us from determining whether the trial court's findings of fact were supported by adequate evidence.[4]

{¶ 36} Pursuant to App.R. 9(B), it is the appellant's responsibility to order a complete transcript if he intends to argue that a finding is contrary to the weight of the evidence. This duty falls upon the appellant "because the appellant bears the burden of showing error by reference to

---

[4] We also note that appellant does not challenge the finding that he was a resident of Kentucky "[a]t the time the policy was issued, and at all times thereafter[.]"

matters in the record." *Plum Run, Inc. v. Cantor*, 4th Dist. Jackson No. 02CA14, 2003-Ohio-5545, ¶ 11. Where an appellant fails to provide the portions of the transcript required by an appellate court to resolve the assigned errors, "the appellate court has no choice but to presume the validity of the trial court's judgment and affirm." *Id*.

{¶ 37} Appellant has failed to provide this Court with a transcript of the trial court proceedings, despite the fact that he contends that certain of the trial court's findings of fact were improper. We have nothing to review without a transcript and must presume that the findings of fact are correct and supported by the evidence.

{¶ 38} On the other hand, "we conduct a de novo review of a party's challenges to the trial court's choice or application of law." *Hardert v. Neumann*, 4th Dist. Adams No. 13CA977, 2014-Ohio-1770, ¶ 8, citing *Dean v. Cox*, 4th Dist. Lawrence No. 11CA10, 2012-Ohio-782, ¶ 20.

1. Whether the Insurance Policy Is an Illegal, Unenforceable Contract

{¶ 39} "An illegal contract is '[a] promise that is prohibited because the performance, formation, or object of the agreement is against the law." *Snyder v. Snyder*, 170 Ohio App.3d 26, 2007-Ohio-122, 865 N.E.2d 944, ¶ 32 (11th Dist.), quoting Black's Law Dictionary (8th Ed.Rev.2004) 345; *see also Bell v. N. Ohio Tel. Co.*, 149 Ohio St. 157, 158, 78 N.E.2d 42 (1948) ("It is elementary that no valid contract may be made contrary to statute, and that valid, applicable statutory provisions are parts of every contract.").

{¶ 40} Here, appellee contends that because it is not authorized to write insurance policies for Kentucky residents or vehicles principally located in Kentucky, appellant's insurance policy constitutes an illegal contract. Extending this argument, appellee contends that because the policy is unlawful, it is also unenforceable under Ohio law.

{¶ 41} Appellee directs us to Ky.Rev.Stat. 304.11-030(1), which provides: "It shall be unlawful for any company to enter into a contract of insurance as an insurer or to transact business in this state * * * without a certificate of authority from the commissioner[.]" Appellant does not dispute that appellee lacks a certificate of authority from the state of Kentucky. Rather, appellant points to Ky.Rev.Stat. 304.11-030(3)(a), which states: "The failure of a company transacting insurance business in Kentucky to obtain a certificate of authority shall not impair the validity of any act or contract of such company * * *." Based on this provision, appellant contends that the insurance policy is not an illegal contract.

{¶ 42} The statutory definition of "to be doing an insurance business in [Kentucky]" includes "[t]he issuance or delivery of contracts of insurance to residents of [Kentucky]" and the "effectuation of insurance or renewals thereof * * * with respect to subjects of insurance resident, located or to be performed in [Kentucky]." Ky.Rev.Stat. 304.11-030(2)(e),(f).

{¶ 43} Here, appellee did not knowingly and purposefully enter into an insurance contract with a resident of Kentucky. Rather, appellant misrepresented his place of residence, and never indicated to appellee that he was a resident of Kentucky, or that the insured vehicles were principally garaged in Kentucky. Rather, appellant led appellee to believe he was a resident of Ohio. Thus, appellee did not purposefully transact insurance business in Kentucky and Ky.Rev.Stat. 304.11-030(3)(a) is inapplicable. The insurance policy is an illegal contract, in that appellee is not authorized to issue insurance to Kentucky residents, and the policy violates statutory law.

{¶ 44} We further conclude that the policy is unenforceable. The Ohio Supreme Court has long held that "a court will not lend its aid to any illegal contract, but, on the contrary, will leave the parties where it finds them and where they have placed themselves." *C.A. King & Co.*

*v. Horton*, 116 Ohio St. 205, 211, 156 N.E. 124 (1927); *see also Massillon Sav. & Loan Co. v. Imperial Fin. Co.*, 114 Ohio St. 523, 151 N.E. 645 (1926), syllabus ("A party, who enters into a contract despite a statute prohibiting it, cannot thereafter claim the fruits of its performance in a court of justice."). Moreover, this Court has previously declared that "[c]ourts may not enforce illegal agreements." *Fulton v. Chapman*, 4th Dist. Adams No. 96CA621, 1996 WL 737589, *3 (Dec. 20, 1996). Other Ohio appellate courts have reached similar conclusions. *See Allied Delivery Sys. Co. v. Hamilton*, 10th Dist. Franklin No. 81AP-727, 1982 WL 4078, * 3 (Apr. 1, 1982) (an illegal contract is "void ab initio and unenforceable from the date of its inception*"); Chatfield v. Blue Cross-Blue Shield of Southwestern Ohio*, 1st Dist. Hamilton No. C-810161, 1983 WL 5032, *3 (Jan. 12, 1983) (courts will not aid in the further execution of an illegal contract, even when the parties have partially performed under the contract).

{¶ 45} Thus, the insurance policy is illegal and unenforceable, and the trial court did not err in reaching these conclusions.

2. Whether *Boggs* Applies

{¶ 46} Appellant next contends that the trial court erred in concluding that the Ohio Supreme Court's decision in *Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 271 N.E.2d 885 (1971), was inapplicable to the case at hand. Specifically, appellant contends that because his misstatements amount to a misrepresentation and not a warranty, the insurance policy is voidable rather than void ab initio. The *Boggs* decision explains that:

> Statements by an insured fall into two classes-those which constitute warranties, and those which constitute representations.

The consequences of a misstatement of fact by an insured are entirely different, depending on whether the statement is a warranty or a representation. If the statement is a warranty, a misstatement of fact voids the policy ab initio. However, if the statement is a representation, a misstatement by the insured will render the policy voidable, if it is fraudulently made and the fact is material to the risk, but it does not void the policy ab initio.

In the law of insurance, a representation is a statement made prior to the issuance of the policy which tends to cause the insurer to assume the risk. A warranty is a statement, description or undertaking by the insured of a material fact either appearing on the face of the policy or in another instrument specifically incorporated in the policy.

*Id*. at 218-219.

{¶ 47} Here, appellee's Amended Complaint for Declaratory Judgment presented two alternative legal theories under which it alleged that the insurance policy was void ab initio. The first count alleged that the insurance policy was void insofar as it was an illegal contract (see discussion above). In its second count, appellee maintained that the policy was void due to appellant's fraudulent misrepresentations in the procurement of the policy. However, a review of the record reveals that appellee abandoned the fraudulent inducement claim, and sought relief solely under the theory that the contract was void as an illegal contract. Therefore, the trial court's determination that *Boggs* was inapplicable, was not error. *Boggs* in no way addressed illegal contracts, or the effects of illegal insurance contracts. *Boggs* is simply inapposite to the

case at hand and is inapplicable. A contract, including an insurance contract, can be determined

to be void ab initio for reasons other than those explicated in *Boggs*.

{¶ 48} For the foregoing reasons, appellant's third assignment of error is overruled.

*C. Appellant's Fourth Assignment of Error*

{¶ 49} In his fourth assignment of error, appellant contends that the trial court erred by

denying his motion to bifurcate the declaratory judgment trial from his counterclaims trial. While

not exactly clear, it seems that appellant contends he was prejudiced by the trial court's failure to

bifurcate the claims because he spent a significant amount of time and money trying to prove

damages alleged in his counterclaims which he cannot recover as a result of the trial court's

ruling in favor of appellee on its declaratory judgment action. Put another way, appellant

contends that he could have avoided unnecessary legal expenses had the trial on the declaratory

judgment action been held first.

{¶ 50} Civ.R. 42(B) permits a trial court to order bifurcation of claims when to do so

would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be

conducive to expedition and economy * * *." Because the trial court is in the best position to

decide whether bifurcation of claims is appropriate, we review a trial court's decision on

bifurcation issues under an abuse of discretion standard of review. *Prokos v. Hines*, 4th Dist.

Athens Nos. 10CA51, 10CA57, 2014-Ohio-1415, ¶ 81. An "abuse of discretion" implies that the

court's attitude was unreasonable, arbitrary, or unconscionable. *Bolender v. Bolender*, 4th Dist.

Adams No. 13CA984, 2014-Ohio-2136, ¶ 15.

{¶ 51} We conclude that the trial court did not abuse its discretion in denying appellant's

motion to bifurcate. Appellee's declaratory judgment action and appellant's counterclaims are so

related, and raise many similar factual issues, that bifurcation would have resulted in

unnecessary duplication, delay, and expense, and would not have furthered the interest of judicial economy. On the balance, any prejudice to appellant was outweighed by the potential prejudice to appellee, as well as the concerns of judicial economy and convenience. Accordingly, the trial court did not act unreasonably in denying the motion to bifurcate and appellant's fourth assignment of error is overruled.

## IV. CONCLUSION

{¶ 52} Based on the foregoing, appellant's assignments of error are overruled. The judgment of the trial court is affirmed.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

By:_____
            Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.